**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johni Lux, et al., | No. CV-22-01754-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Quiktrip Corporation, et al., | |
| Defendants. | |

Defendant has filed a motion to seal Exhibit 2 to its motion for summary judgment, which is a video clip of a surveillance video, or alternatively to "submit as Exhibit 2 a modified version of the video that cannot be manipulated (i.e. zoomed in or out, paused, etc.) and that is cropped in such a way as to show the key evidence but not reveal the full scope of what is captured on the camera and to not reveal any specific business practices of the employees or areas not accessible to the public such as behind the cash registers." (Doc. 39 at 1-2.)

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the

1 party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted).

The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). A motion for summary judgment is clearly such a motion, and the "compelling reasons" standard applies to the motion and its exhibits.

Defendant argues that "the public's interest in viewing the subject slip and fall on the surveillance video is not at all compelling" because Defendant's motion "describes in detail the key events that are shown on the video that are relevant to its liability argument." (Doc. 39 at 5.) That argument lacks merit. A description in a motion has no evidentiary value; a video exhibit does. To the extent members of the public may be interested in this case, they would likely be interested in this evidence, and they have a right of access to it unless Defendant has compelling reasons that outweigh the public policies favoring disclosure. Defendant's argument turns the *Kamakana* standard on its head—it is not incumbent upon the *public* to have compelling reasons to have access to litigation materials but rather it is incumbent upon Defendant to provide compelling reasons why the public's general right of access should be curtailed.

Furthermore, Defendant's concerns regarding disclosure of the video appear to be entirely quelled by the solution Defendant proposes in the alternative. Defendant asserts that "*if the entirety* of what is captured by the cameras is accessible to the public, members of the public would be specifically aware of what is and is not shown on the cameras and could use that information to commit theft or other undesirable acts," that "if the public had access to view the surveillance video *at will*, they would be able to see parts of the store (and pause, zoom in on, and otherwise study those areas) that are

accessible only to employees, such as behind the cash registers and in other employee-only areas," and that "[i]n order to view *the entirety* of the video that is captured by the surveillance cameras at QuikTrip, the viewer must use [a] specific software, which means that in order to produce the entirety of what is captured by the cameras, QuikTrip would also have to disclose and produce the software it chose and purchased, which is not known by QuikTrip's competitors." (*Id.* at 2-4, emphasis added).  Defendant's request, in the alternative, to "submit a modified version of the video clip that does not require use of the software to play, does not reveal the entire scope of what is captured by the camera, and does not reveal Defendant's proprietary business practices or areas of Defendant's store that are not accessible to the public" puts these concerns to rest.  Thus, Defendant has not provided compelling reasons to submit Exhibit 2 under seal.  Defendant may submit the modified version of the video in the public record.[1]

Accordingly,

**IT IS ORDERED** that Defendant's motion to seal (Doc. 39) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's motion for leave to file a non-electronic exhibit (Doc. 38), inasmuch as it is construed to pertain to the modified version of the video, is **granted**.  Pursuant to the Electronic Case Filing Administrative Policies and Procedures Manual, Section II.N.2, Defendants must prepare an index and notice of filing in pleading format to be submitted with the exhibit.  The caption of the index will state what document, if any, the exhibit is supporting.  Defendants shall serve Plaintiff with the index, notice of filing, and exhibit.

Dated this 31st day of January, 2024.

Dominic W. Lanza
United States District Judge

---

[1] Defendant has offered to submit the "full version" of the video for *in camera* review.  That is akin to sealing and will not be permitted.  Defendant should ensure that whatever it needs to rely on for evidentiary support is contained in the modified version of the video.