**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johni Lux, et al.,<br><br>           Plaintiffs,<br><br>v.<br><br>Quiktrip Corporation,<br><br>           Defendant. | No. CV-22-01754-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiffs' motion to seal. (Doc. 46.) More specifically, Plaintiffs seek permission to file, under seal, two exhibits that were cross-referenced in Plaintiffs' response to Defendant's summary judgment motion. (Doc. 47.) The two exhibits are identified as "Defendant Quiktrip's Policies and Procedures (excerpts)" and "Quiktrip DAW Sheet (excerpts)." (Doc. 46.) The actual documents that are the subject of the sealing request have not been lodged under seal, and Plaintiffs' only explanation as to why those documents should be allowed to be filed under seal is that they "may fall under the category of their Protective Order entered on June 5, 2023." (Doc. 46 at 1.)

Plaintiffs' sealing request is denied. First, the request is procedurally flawed. As LRCiv 5.6(b) explains, "[t]he document or documents that are the subject of any [motion to seal] . . . must be lodged with the Court separately consistent with subpart (c) of this Rule." *Id.* This requirement makes sense—the Court cannot evaluate a sealing request without examining the document that is the subject of the request. Second, Plaintiffs' request also falls far short of establishing that sealing might be warranted here. As the

1 Court explained when denying an earlier sealing request in this case, the stringent
2 "compelling reasons" standard applies when a sealing request concerns attachments to a
3 summary judgment-related motion, and that standard requires the sealing proponent to
4 articulate compelling reasons supported by specific factual findings that outweigh the
5 general history of access and the public policies favoring disclosure.  (Doc. 41, citations
6 omitted.)  Nevertheless, Plaintiffs' only proffered justification for the sealing request is that
7 the documents at issue "might" be covered by the protective order in this case.  (Doc. 46.)
8 But even if the documents were covered by the protective order, such coverage would not,
9 alone, justify sealing.  The protective order itself specifically makes this point.  (Doc. 30
10 at 6 ["[T]he mere fact the parties have designated certain materials or information as
11 confidential pursuant to an agreement or stipulation does not establish that any legal
12 standard for placing those materials or information under seal has been met."].)  Third,
13 assuming the documents at issue were designated as Confidential by Defendant (which is
14 presumably the case, given Plaintiffs' description of those documents), Plaintiffs were also
15 required to comply with LRCiv 5.6(d), which is entitled "Filing a Document Designated
16 Confidential by Another Party," but it is not clear that Plaintiffs have done so.

17 Even though the Court could, under LRCiv 5.6(e), order Plaintiffs to file unsealed
18 versions of the documents at issue in light of the failure of their sealing request, the Court
19 will give the parties one more opportunity to develop that request, should they choose to
20 do so.

21 …
22 …
23 …
24 …
25 …
26 …
27 …
28 …

Accordingly,

**IT IS ORDERED** that:

1. Plaintiffs' motion to seal (Doc. 46) is **denied without prejudice**.

2. Within 14 days of the issuance of this order, Plaintiffs must either (a) file Exhibits C and G to their summary judgment response on the public docket or (b) file a renewed sealing request (or, potentially, a notice of lodging as permitted by LRCiv 5.6(d), which would place the onus on Defendant to justify any sealing request).

Dated this 28th day of March, 2024.

_____
Dominic W. Lanza
United States District Judge